IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Wiley Y. Daniel

Civil Action No. 05-cv-00022-WYD-CBS

ANDRE WILLIAMS,

    Applicant,

v.

WARDEN RIOS, FPC,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant Andre Williams, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Williams has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the BOP's method of calculating the amount of good conduct time credits he may earn while incarcerated. On March 1, 2005, I directed Respondent to respond and to show cause why the Application should not be granted, which he did on March 16, 2005.

    I must construe the Application liberally, because Mr. Williams is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. After reviewing the entire file, I find that an evidentiary hearing is not necessary. For the reasons stated below, the Application will

be denied.

## I.  BACKGROUND

Mr. Williams pled guilty to two counts of possession with intent to distribute cocaine and cocaine base and was sentenced to a term of 120 months in the United States District Court for the Eastern District of Missouri.

The BOP has determined that Mr. Williams will complete his prison sentence and be released on January 9, 2007, based on the amount of time he has served and assuming he earns the maximum 470 days of good conduct time.  (*See* Answer at Ex. 2.)

Mr. Williams contends that the BOP's method of calculating good conduct time credits violates 18 U.S.C. § 3624(b)(1) and that, under the proper interpretation of the statute, he is eligible to earn an additional seventy days of good conduct time credits for a total of 540 days.  Therefore, he argues that the BOP should recalculate his projected release days reflecting that he is eligible to earn fifty-four days of good conduct time credits for each year of his term of imprisonment.

## II.  DISCUSSION

The only question before me is whether the BOP's method of computing good conduct time credits violates 18 U.S.C. § 3624(b)(1).  The statute in question, § 3624(b)(1), provides in relevant part as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each

>year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.  Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

Mr. Williams contends that the phrase "term of imprisonment" in § 3624(b)(1) refers to the length of the sentence imposed.  The BOP, on the other hand, interprets the phrase "term of imprisonment" to mean the actual time an inmate serves in prison.

Under the BOP's interpretation of § 3624(b)(1), in which the term of imprisonment means time served, Mr. Williams has been awarded a total of 324 days of good conduct time credit for the period of time from May 1, 1998, until March 3, 2005.  However, as a result of the good conduct time credits he already has been awarded and may acquire in the future, he will not serve a full tenth year in prison.  Therefore, Mr. Williams is not eligible for the full 54 days of credit for a tenth year in prison.  Instead, he is eligible only for a prorated portion of the 54 days based on the portion of his tenth year that he actually will serve in prison.

The First, Fourth, Fifth, Seventh, Ninth, and Eleventh Circuits have rejected the same claim that Plaintiff raises in the instant action.  **See Brown v. McFadden**, 416 F.3d 1271 (11th Cir. 2005); **Mujahid v. Daniels**, 413 F.3d 991 (9th Cir. 2005); **Yi v.**

*Federal Bureau of Prisons*, 412 F.3d 526 (4th Cir. 2005); *O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005); *Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005); *Perez-Olivio v. Chavez*, 394 F.3d 45 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266 (9th Cir. 2001). Furthermore, the District of Kansas and the Western District of Oklahoma have deferred to the BOP's interpretation of § 3624(b)(1). *See Dedrick v. Scibana*, No. Civ-05-1131-R, 2005 WL 2665365 (W.D. Okla. Oct. 19, 2005); *Thompson v. Gallegos*, No. 04-3324-RDR, 2005 WL 2403822 (D. Kan. Sept. 29, 2005). The Tenth Circuit has yet to decide the issue.

I find, like the courts noted above, that the phrase "term of imprisonment" in § 3624(b)(1) is ambiguous, because it may refer to either the sentence imposed or the time actually served. Under *Chevron v. Natural Resources Defense Counsel, Inc.*, 467 U.S. 837, 842-43 (1984), where Congress has not spoken directly to the precise question at issue, such as when a statute is silent or ambiguous, I must determine whether the BOP's interpretation "is based on a permissible construction of the statute." In making the determination, "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *Id.* at 844.

Because Mr. Williams' interpretation of § 3624(b)(1) makes him eligible to receive good conduct time credits for time he will not serve, his interpretation is contrary to the statutory language that authorizes an award of good conduct time credits only at the end of each year for which the BOP determines "the prisoner has

displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Mr. Williams cannot display exemplary compliance with institutional disciplinary regulations for a period of time during which he will not even be incarcerated, and the BOP cannot award good conduct time credits to inmates who no longer are incarcerated.

As the above listed courts have found, the BOP's interpretation of § 3624(b)(1), that the phrase "term of imprisonment" requires the BOP to award good conduct time credit at the end of each year of a prisoner's term of imprisonment based on the term of imprisonment that he is serving and not on what was imposed, is a permissible construction of the statute.

Moreover, the rule of lenity is inapplicable, because the BOP's interpretation is reasonable. **See Brown**, 416 F.3d at 1273; **Mujahid**, 413 F.3d at 998-99; **Yi**, 412 F.3d at 533; **O'Donald**, 402 F.3d at 174; **Perez-Olivio**, 394 F.3d at 53-54; **Pacheco-Camacho**, 272 F.3d at 1271-72. As a result, Mr. Williams's claim lacks merit and the Application will be denied.

### III.  CONCLUSION

Therefore, as I found in **Brown v. Rios**, No. 04-cv-01560-WYD (D. Colo. Sept. 30, 2004) (Not selected for publication), the BOP's interpretation "comports with the statutory language of section 3624(b), and does not subvert the statutory design." **Pacheco-Camacho**, 272 F.3d at 1270. Furthermore, the BOP's interpretation "establishes an effective and fair prorating scheme, enabling inmates to calculate with reasonable certainty the end of their imprisonment, while preventing certain prisoners

from receiving disproportionate good time credits." *Id.* at 1270-71.  Accordingly, it is

ORDERED that the Application is DENIED and the action is DISMISSED WITH PREJUDICE.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated:  November 14, 2005

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge